

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-92,831-01

### EX PARTE ROMIE FITZGERALD EDWARDS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. W90-13305-S(A) IN THE 282ND DISTRICT COURT FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Applicant pleaded guilty to robbery and was sentenced to twenty-five years' imprisonment. He did not appeal his conviction. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that his sentence was improperly extended by the denial time credit while released on parole, and that his parole was revoked after his sentence should have expired. Applicant has alleged facts that, if true, might entitle him to relief. TEX. GOV'T CODE § 508.283(b) and (c); *Ex parte Spann,* 132 S.W.3d 390 (Tex. Crim. App. 2004). Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. TEX. CODE CRIM. PROC.

art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The response shall state whether Applicant presented a claim to the time credit resolution system of the Texas Department of Criminal Justice and, if so, the date the claim was presented. The response shall then state whether Applicant was serving a sentence for, or has been previously convicted of, an offense described by § 508.149(a) of the Texas Government Code when his parole was revoked. If not, the response shall state the following:

(1) Applicant's sentence-begin date,
(2) how much time was remaining on Applicant's sentence when he was released,
(3) how much time Applicant spent on parole before any revocation warrants were issued,
(4) the dates any revocation warrants were issued and executed, and
(5) whether Applicant received credit while released on parole.

The trial court shall make findings of fact and conclusions of law as to whether, before filing this application, Applicant properly exhausted his administrative remedies as required by § 501.0081(b) of the Government Code. The trial court shall then determine whether Applicant is eligible to earn street time credit and, if so, whether he is receiving the proper credit for that time. The trial court shall make findings as to whether Applicant's sentence was discharged before his parole was revoked. The trial court may make any other findings and conclusions that it deems

appropriate in response to Applicant's claims.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: July 28, 2021
Do not publish